Thank you, and may it please the Court. My name is Gilbert Rothenberg, representing the United States. This mandamus case is exceptional because of the issues presented, the principles at stake are really vital to what people in the Department of Justice do. And we filed this mandamus request reluctantly after exhausting what we deem to be all reasonable avenues of relief. Indeed, the reason this Court has so infrequently encountered petitions such as this is that the parties almost always work this out informally, work out who's going to appear, what they're going to cover in settlement negotiations. And it is therefore, again, with a somewhat heavy heart that I'm here to have to file one of these petitions, which, as you know, is only authorized by the Solicitor General himself. Now, the Attorney General has decided that I'm going to be here to argue this case. Now, whether or not that's a good decision remains to be seen, but that is a decision for the Attorney General as to who is going to represent the United States in a particular piece of litigation. What I would like to do is explain to you why we think the district court's order, ordering the personal appearance of what would now be the Assistant Attorney General, because as we indicated in that 28J letter, we do have an Assistant Attorney General now. Before you speak of the order, there are, as I see it, four orders in this case. And three of those were entered before your petition was filed, and the fourth on January 6th was filed during the pendency of your petition. That January 6th order is now the operative order, I take it. I would think so. Yes. And literally, that's not in play before us, is it? If it isn't, then this is all pretty academic. Now, do you contend that that January 6th, 2012 order is in play? Because it backs away, if you will, a little bit from the terms of the earlier orders. Well, it does, only in the sense that the order says he wants somebody there with the authority to recommend a settlement to the Joint Committee on Taxation. Right. Which is only one person, the Assistant Attorney General. And all of the other orders said someone with final settlement authority. Actually, that's still the same person. So it's your position that, from a practical standpoint, it doesn't make any difference, because it's the same person that is required to be present. Yes. Under either order, or any order. But it would be in play, because this is a mandamus. It's not an appeal. We don't have a record cutoff. It is, it is, yes. I would agree with that, Judge Breyer. All right. Go ahead. Could you help me with what had happened in the case up to the time of the original order? Well, there are actually two – this case kind of has two tracks. There is the tax shelter track, which is set for trial, and there's also the non-tax shelter. This particular proceeding is a non-tax shelter. So just a bunch of – a bunch. Many regular deductions. And the amount at issue, the amount claimed in the refund in the complaint, is a little bit over $5 million. Now, there have been no meaningful settlement negotiations to my knowledge. The court, Judge Munson, said, okay, this is what I want in a settlement conference. I want the person with the final settlement. Was there been – It's a standard kind of conference that's called for every case. It's a routine settlement. We have hundreds every year. Yeah. Has there been discovery? You'll probably have to ask my – I don't know. There has been, I believe, a motion for summary judgment has just been filed, and the current trial date is, I believe, October. Okay. But this was the first settlement conference. The original – this conference was originally set for, like, last October, and it was postponed and then reset for February, and then when this court granted the stay, it was put off. So there is no settlement conference as of yet established for a particular date, because that date has already passed. So if this court were to deny the petition, then presumably the trial judge would reset the settlement conference, unless he were to grant summary judgment. Now, we think the order or orders below are ordering a person with final settlement authority in a routine settlement conference and routine tax case as wrong as a matter of law or, at the very least, as an abuse of discretion, and as wrongheaded as a matter of policy. It's a matter of – it's wrong as a matter of law because, as we indicated in our papers in this court, there are various 28 U.S.C. provisions that rest litigating authority with the United States as involved with the Attorney General. I'm not sure that the person with settlement authority – I mean, this is a rule that applies to more than just the government. I was in private practice for many years, and I faced exactly this kind of order and had the difficult task of explaining to my corporate client that the President might have to show up in – fortunately, in my case, it was Honolulu. And the persuasion may have been easier than it would have been in other venues, but it was not an easy sell. In this case, as it happens, it's the government and the management of the settlement falls in the DOJ as well, but it could fall with Treasury or something like that. So I'm not sure that it affects management of the litigation in terms of identifying the attorneys. I mean, how is the government – is the government materially different from a corporation which faces that kind of order on a routine basis? Well, the answer is yes. As the Seventh Circuit recognized in those series of opinions in the Rule 16 – Heidelman, I believe. Heidelman was the case. You know, the sentence is something that the government is special, you know. You know, of course, we all think of ourselves as special, but the government as an institution is special because any time we compromise a case, we're taking money essentially away from the taxpaying public. Well, yeah. A long, long time ago, I was in the Justice Department, and my dim recollection was that when I settled a case as a trial attorney, I wrote a memo that justified the settlement. And so the person who was writing the memo was the one who knew all about the case, and if it didn't explain something adequately, the memo would come back and you'd have to do it. But so I take it that's still the – That's exactly the way it's still done. And it goes through multiple layers. Even in my section, the appellate section, if we want to settle a case, it's gone through three people before I see it. And I have final settlement authority only if A happens, B happens, and C happens. And then I have a limit. But this particular case is way beyond my limit. It's not even on appeal. It's beyond any section chief, and it would go to the assistant attorney general. And as you are probably aware, she's a pretty busy lady right now. And the reason we have this kind of centralized decision-making is that we want multiple people to have their eyes on it, and only if all these people agree, or at least all the – everything is known to the decision-maker, then to make a decision, settle or not. We don't want – the attorney general does not want, generally, people to sit down at a conference and at that very time say, okay, I'm going to settle on X, Y, and Z terms, because that might not be what the political – it might not account for political accountability, which is why we have settlement authority at that level on someone that is presidentially appointed and Senate-confirmed. Because if it's a lousy decision, then at least the public knows who to blame. It would be the appointee of the president. I'm not appointed by the president, so I lack that political accountability. It also promotes consistency in decision-making, and it ensures that people with a great body of experience are the ones that decide, yes, they're going to settle the case. I have lots of fine attorneys that work for me. Do they all have the same judgment? Not necessarily. So if they're going to settle a case, I don't delegate authority to them. I say write me a memo. Now, Judge Munson, who's been a judge or was a judge for a long time, said pretty flatly that you're not able to settle a case unless you have the person there. DOJ has settled cases without having the person there, but that is a statement I've heard often from judges who've served a long time, presided over a lot of settlement conferences. Is there any alternative that might satisfy his concern without requiring the personal appearance of the assistant attorney general? I mean, what else do you have to offer? What else we have to offer is actually what we offered in this case. We have in the tax area, besides our litigating sections, we have what's known as a special settlement section called Office of Review. That section chief has authority up to $1.5 million. We have, on occasion, where the judge has said, look, this is important, we've had her stand by on the telephone while a settlement conference is undertaken. This has happened probably, it happens probably once a month, and we do that. If the judge or the person conducting the settlement says it hasn't gone on well and I want somebody at a higher level standing by, we can do that on occasion. I can't have her do it on every settlement conference, but certainly she has done it in the past. That is the accommodation that we have found that works. Did you do it? Have you done it in cases where the settlement was going to go over $1.5 million? Yes, we have, because that person is the one that writes the cover memo that either goes to the AAG or goes to the associate attorney general. Some of our settlements have to go to the associate, and she's the one that writes that memo. So she has a lot of authority. And that's why we have her standing by by telephone. Sometimes the judge or the mediation person will just have the trial attorney's boss, the section chief, stand by on the telephone. Now, again, we can't do that in every case because we don't have time, but we have done that often enough that it works. It works quite well, which is why this is the first time in about 12 years, I remember, we filed one of these petitions in a tax case. Now, this case, this settlement conference is the first one. It's not down the road. I take it you don't propose those alternatives ordinarily the first time around. But to be clear that I understand you, is that an alternative that you have or would propose in this case for the first settlement conference? We did propose it in this case, and it was rejected. And what I want to tell you is that that works. Our procedures work, as we pointed out in our reply brief. The past five years, we've settled 1,700 tax cases. I mean, I don't have the personnel to litigate every case. I like to settle cases, if it's reasonable. And we like you to settle cases. We don't want to have to see you if we can avoid it. Not to be personal, but settlements are good for that. It's 100 degrees in Washington, D.C., so I'm very happy to be here on a day like this. But the current system works for us. What doesn't work and what makes this completely impractical is to have the personal parents order as a first resort, not as a last resort. Now, even though we do take the position that a court doesn't have authority to order a particular person, the Stone decision, which is really an only appellate decision, says the court might have the authority to do that, but goes at length to point out that that's really a last resort, and you have to have some type of circumstance to indicate that. Is that the Fifth Circuit? Yeah. That was the Stone case in the Fifth Circuit, which was interestingly enough argued by an individual by the name of John J. Roberts. John G. Roberts, I'm sorry. Whatever happened. Yeah. Well, he's busy, I think, now, working on something. But, again, that — and I remember that litigation, and there were about 20 cases combined, and one of them was a tax case, and it involved the entire litigating posture of a lot of the divisions in the Department of Justice. And when that came down, it was certainly a way to work it that works for us. I mean, we didn't need to go to the Supreme Court because it says these are the steps you go through. And only then, and then even the Stone case indicated that having that top-level official available by telephone should suffice. Now, generally speaking, again, the chief of our office of review or a section chief can be available by telephone. We offered that in this case. Just so I'm clear, the Stone approach works for your — for the Department's purposes? Yes. The Stone approach does work because it says you must make an individualized determination that you've tried everything else and nothing else works. We have not — the Stone approach works because in the past 10 years, I checked with the current AAG and past AAGs, they have never been required even to stand by by telephone because — because it works. And again, when you think about what works, do you want a high-level official who has not been in the trenches, that doesn't know about all the facts? It makes it actually less likely there would be a settlement than with a trial attorney who knows everything and says, look, this is what I recommend, and they can write a forceful memo, which persuades people. Is a — is taxation different from other typical governmental litigation in that decisions are — are they ever made in advance of litigation or during the early stages of litigation that in no way do you want to settle this case? You want to either win or lose it as it affects the validity of various regulations and the meaning of various regulations and so on. Is that different from other governmental litigation? Not — not in — I would say the answer would be no. There are some cases, such as the recent Supreme Court case, this term in Home Concrete that involved the validity of a treasury reg, that we really wouldn't settle, but that's really a very small subset of cases. Most cases that we litigate can be settled. There are a few that we will write a letter to the trial court that says — No way. Yeah. It doesn't make any sense because it's something that's — that's too important for our client agency, the IRS, or something like that. But really, that's a very small — For the most part, it's only money. For the most part, it is only money. Certainly this particular case, it's only money. Okay. If there's any — if I have any time left, I'll come up for rebuttal. You're in deficit spending like the rest of the government, but we led you there, so under the circumstances, we'll still give you a minute for rebuttal. Thank you. And so I'll hear from the taxpayer. Yes. Please, the Court. I'm Deborah Deitch Perez. I'm here for Mr. Baldwin. And it's important to look at the premise that led us here. The premise that led us here is that settlement conferences work better when both parties have authority. And that's — that was the view of a judge of 29 years. It was the view of a businessman with 30 years' experience in negotiating and of counsel with, I'm sorry to say, 28 years in negotiating. So that was our premise. And so then we go to the next step. Well, does the Court have the authority to require the government to have someone with authority? And I think In re Stone says, yes, the Court has that authority. There's also statutory authority, Section 473 of the — of the — excuse me, of the Improvement and Judicial Improvement Act. The statute makes specific reference to telephonic availability as an alternative, and apparently that's not included within Judge Munson's order. It is not. But what's important to note there is the statute itself says the Court can require a party with authority to be there. And then the legislative history, the comments say, well, you ought to look at what options there are for the government. But notably, the statute itself, Congress decided not to give an opt-out for the government in the statute, and that's in sharp contrast to other places where the government does have an advantage. For example, the government gets more time to answer a complaint. The government — you have to serve more people if you're suing the government. The government doesn't have to post a bond on appeal. So there are lots of ways in which the government has a finger on the scale, and Congress chose specifically not to mandate that here. Well, Congress did stick something in the statute making specific reference to the Attorney General. I confess I'm not sure what it means, but there is something. What did you — are you familiar with the statute I'm referring to? Are you talking about the section? Section C, I think it is. The last sentence. The last one. The last sentence. It says, Nothing in a civil justice expense and delay reluction plan relating to the settlement authority provisions of this section shall alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States or any delegation of the Attorney General. What's it mean? I think all that means is that the Attorney General can delegate settlement authority so that someone other than the Attorney General can be present at a settlement conference, so that as a result, the Court is not ordering a particular person to be present. The Court is simply ordering someone with sufficient authority to be present. And here, Judge Munson did moderate what he was asking for. So we're not in a situation where the Court has simply ignored the fact that the government is on the other side. The Court has said someone with authority to recommend to the committee, to the Joint Committee on Taxation, has to be present. And so that is moderating it. There are other factors here. Judge Munson also said in one of the orders, if the government needs more time to have the appropriate person here, my scheduling is flexible. I've given a particular date, but it can be later. There was also some flexibility on the location. This case is proceeding in the CNMI. Judge Munson would have held the settlement conference in Idaho, which would have been more convenient. This is the exceptional case. This is not an order, as in Stone, where there were 20. Kagan. Well, yes. That's what I was going to say. In Stone, there were 20 or so cases where the Court made a standing order that the government always had to have someone with authority present. Well, this sounds to me like you distinguish the Stone case in your brief on the ground that this is not part of a standing order that's entered in every case. But it seems, reading the orders, it seems as if Judge Munson does this on a pretty regular basis. He may, but it apparently has not come to this juncture before. And whether or not he was warranted in doing it in other cases is a separate question. But in this case, and let me explain a little bit about the history of it as to why the judge might have had the notion that you need someone higher up at the settlement conference. This case arose originally. There was a tax shelter case, and so that was being looked at. And the government didn't look at the return as a whole until pretty close to the statute expiring. And right before the statute expired, the IRS said, well, Mr. Baldwin, will you extend the statute? And he said, I have the right not to, and I'd like this over, so no. And they disallowed everything, which is why the case is so big. So as a result, there's a $5 million case of which the government conceded, yeah, there are probably going to be more than 2 million in concessions because they didn't have a basis to disallow them in the first place other than the statute was short. But the dynamic that that sets up is, on the one hand, the government's settlement guidelines, which we've included as Exhibit D to our response, say the government is supposed to concede, not settle, concede when it's wrong. And so there's pressure on the government to do that, to do the right thing. On the other hand, the trial-level attorneys, the lawyers who would be sent out to the IRS, and no lawyer likes to have a big loss, million, million-dollar losses, many million-dollar losses. And so this very well might be a case where, yes, of course you have to have the trial lawyers there. We're not suggesting you don't have them there. They're the ones who know the nitty-gritty and the little pieces. But you probably do need someone else who has not spent two years coming up with creative, crafty ways to take what the IRS didn't see anything wrong with in the first place and find a reason to throw it out. And so this is a different case. It's an exceptional case. It's one where this Court could distinguish it from others so that there is not a blanket ruling that every time the government's involved in a case, a person with full authority to settle has to be there. One of the concerns that I have that I think we can't avoid is I can think of nothing more discretionary on the part of anybody than the decision to either settle a case or not. And when we have a typical tort case and we see that something that the government did is an exercise of a discretionary function as opposed to something that is ministerial, we don't say, well, the government is always reasonable. The judiciary says hands off as a matter of separation of power. Now, how can the judicial branch tell anybody in the administrative branch how to exercise their discretion? Here, we almost have the reverse problem. Here, the judge is not telling the executive branch how to exercise its discretion. It's just simply holding the party in the case to the rules that it has the court has been given to work with. And so Rule 16 says that the court can order a party with authority to be present, and the court is simply exercising the authority that the executive has given. But one of the arguments in support of that assertion is that in response to the government's argument, well, we're spread so thin, is delegated to somebody else. And that is not that an exercise of discretion. And that's that is an exercise of discretion. And so the government has a couple of choices. The government can delegate or the government can have the assistant attorney general be present. And here, the government never offered the alternative of having the person with authority to recommend the settlement to the committee be available by telephone. That alternative was never offered. The only alternative that was offered was to have somebody else without authority on the phone. Right. But the person with authority in this case is the assistant attorney general. Yes. Sotomayor, I'm sorry. I'm trying to understand. You've made a very strong case that it would be reasonable for a court, appropriate exercise in this circumstance, in this case, to ask somebody else to be there. But are you really taking the position that it's reasonable and not an abuse to order the assistant attorney general to be there? I am because here the amount of the settlement, because there are so many concessions that would probably be needed as opposed to simply settlements, is going to be a very high number. And so when it is that high, it is, one, an unusual case. There are not going to be that many, so the assistant attorney general is not going to be called on that often. If you look at the chart that the government provided, I noticed very tellingly they had the numbers for 1 million and the numbers for 2 million, and then it jumped to 10 million, where the number dropped radically. The number for 5 million wasn't in there, and that, I guess, leads me to believe it's probably closer to the 10 million number. And that's just the number of cases. Not all of those cases will have a settlement conference every year. And in some of those cases, the parties may decide they don't want the assistant attorney general there. There may be reasons for that or reasons why the judge in that case wouldn't order it. But the judge on the front line is the one who ought to be making that decision as to whether or not it's really warranted to call in the government big guns. And not every judge is going to order that. In not all circumstances will the parties think it is warranted. So it is not putting an insurmountable burden on the government for, in the rare and exceptional case, to ask for the assistant attorney general to be available for the settlement conference. When the government said that they would put the woman on the line who has the authority up to $1.5 million, what was your position? Our position was we need a person with actual authority up to the amount likely to be at issue. So the ---- The explanation for why this case is the exceptional case puzzles me in one sense, because if in fact some large proportion of the approximately $5 million is not in the end going to be contested, and I've had settlements where there are elements like that when I was practicing, usually those issues are resolved separately so you can actually get to what's on the table. And it sounds like what's actually on the table in dispute is a smaller number. And here we have part of the problem with the lawyers wanting not to have a big loss. Through many stages of discovery, we asked interrogatories as to what exactly was wrong with this piece or that piece, and each time the government would say, we're still looking at it. It was not until the Fourth Amended interrogatories, which was relatively recently, that for some of the items, more than a million and a half of items, the government said, we can't think of any reason. So can you move for summary judgment or partial summary judgment on those pieces? We just did. We just did. Okay. So we're trying to get out ---- So how much are you seeking summary judgment on? We're seeking summary judgment on roughly 3, $4.7 million worth of ---- $4.7 million worth of deductions, which is roughly $3 million worth of the tax. So for basically 3 out of the 5 million, we've moved for summary judgment. Is there a response to that? This happened last week. The government moved for summary judgment on some items, and we moved for summary judgment. Do they have a hearing date yet? The hearing is August 23rd. And I take it that's before the trial judge. It is. And the trial judge is now Judge Manglonia, Judge Munson is senior, I guess is retired, although he remains the settlement judge in this case. One last point to bolster the idea that the amount of money at issue is really a significant factor. In In Re US, which is another one of the Fifth Circuit cases, the court pointed out that the cases in Stone were routine and suggested they were 500,000 or less. And there's a footnote, too, in the case that what made the In Re US case is that $2.2 million was involved. So the amount at issue is a factor to be considered in whether the case is one at which someone at a higher level should be present. Just thinking in terms of timing, and I don't want to, God knows, I don't want to get into the details of the summary judgment, but sometimes there are motions that need to be resolved, and sometimes there's still issues for settlement. Speaking entirely from your perspective, is a settlement conference prior to the hearing on those motions likely to be productive, or is it a case that's better off at least narrowed or potentially narrowed before that settlement conference is held? I actually think here it could probably work either way. Trying to be practical here. Yeah. If, in fact, Judge Munson's order is upheld or not set aside, you can only go to the well of that high-ranking official very often. Yes. And I take it your interest is resolving the case, not speaking to some bigger principle.  And so just trying to feel this out. If you had a sense of maybe later is better, that's something that we should be cognizant of, and I'm beyond the spot. But if you haven't thought about that, I'd appreciate it. And I guess I think it's useful to have made the motions, because then everybody is aware of the issues. And it may be so I think a settlement conference either before or after is useful. And the reason we would have a preference for before is because since the hearing isn't until August 23rd, and we have trial set in early October, if the judge takes a month or six – I mean, the judge might not decide the summary judgments until the eve of trial, and then I think the parties will have spent the time and the work and the money to have litigated the case, it makes it harder to settle. Do you have any? Do you – we all are assuming that the rule itself is consistent with the order, that is, the local rule. And the local rule uses some weasel words to – I believe that – It says, it says, full authority to participate, full authority to participate, and to effect a complete compromise. I actually had the reverse concern about the local rule in the sense that I think the local rule does generally require a person with authority to be present, but I thought here we're – this argument is over the judge's particular rule and – Order. Yeah, the judge's order. Yeah. And so the question of whether the local rule has any infirmities is a question for another panel on another day. So even though one doesn't track the other, it's still the order, obviously, that's at stake. I think it's the order that's at stake. I think the local rule might be stricter than Judge Munson's order, because Judge Munson allowed for some wiggle room as to who's there. As to who's present. All right. Thank you. Thank you. Thank you. Turning to the local rule, because I think that is at least somewhat in play here, my understanding is that there are some districts in which that still have a local rule like this, which requires someone with full settlement authority to be there. I guess I should tell you what happens in practice. In practice, most of the courts don't enforce it. They will say, well, we're going to send our trial attorney, and whoever has conducted the mediation says, well, that's fine. So it's generally not enforced. That was one of the issues in Restone. We think it's still an issue here because it is on the books. So to the extent we think that that's beyond the power of the trial judge for the judiciary to order, we think that's still a problem for us. But, again, it's less of a ‑‑ it's more of a theoretical problem, less of a practical problem. What is also a problem for us is any notion of delegation. And the reason, again, kind of implicates the separation of powers and the attorney general's authority over litigation. The attorney general has decided this is the person that's going to have the authority to settle a case at that level. And because it's practically impossible, it is impossible to have the assistant attorney general to attend every Tom, Dick, and Harry settlement conference. It would require delegation, and that would impinge on the discretion of the attorney general to decide how he's going to conduct litigation on behalf of the government. So that's ‑‑ these are the problems we have. And when it reaches a situation like this case reaches, then we, unfortunately, have to file the mandamus petition. Fortunately, it doesn't happen often, even though there are lots of rules like this. And I understand why a court wants to have that kind of arrow in the quiver so you can brandish it a little bit. But usually you don't get the order that you have here, which causes me to want to  What's your perspective on this case? You heard me ask the taxpayers' counsel. What's your perspective on this case? Is it exceptional? We have a case involving more than $2 million filed against us every three days. We were told this one is in a sense exaggerated because some portion of the $5 million is apparently composed of things that should not be in dispute or might not have been if the IRS had sorted through the claims sooner or there had been an extension of the limitations period, whatever. Apparently there is some piece, and perhaps that's suggested by the competing motions for summary judgment, there's some piece that maybe really isn't in dispute so that the contest may be smaller than it appears. Is that the case? It may well be. I mean, this is, again, this is not the first time the IRS has sent out essentially a bill because they didn't have time to look through it. These shelters are kind of hard to find. I mean, this my point is that that is not unusual. That's kind of the way the system works, and it works well for the most part. I just can't have the Assistant Attorney General attending every 100 settlement conferences like this. Has there been any settlement conference in the meantime, or are we still waiting for the first one? No, we've not had a first settlement conference. Okay. Thank you. Thank you. We thank both counsel for your helpful arguments. Yes. Thank you. The case just argued is submitted. We're adjourned. All rise. The court is adjourned.
judges: Schroeder, Leavy, Clifton